# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


TWILA SMITH AND DEIRDRE
OSBOURNE
**Plaintiff,**

**v.**                                    <u>Civil Action</u>

ERGO SOLUTIONS, LLC AND          1:14-00382
AND GEORGE BROWNLEE
In his individual capacity


**Defendants**


## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL UNDER FED. R. CIV. P. 37 (a)


## INTRODUCTION

This is a brief in support of Plaintiff's motion to compel pursuant to Fed. R. Civ. P. 37 (a). Defendant, Ergo Solutions, LLC has failed to provide sufficient responses to numerous Interrogatories, Requests to Production of Document and Plaintiff's Request that Defendant produce an adequate Rule 30 (b)(6) witness. Defendant's deficiencies in this regard are set forth in detail in the argument in support of this motion set forth below.

1

Defendant has totally violated Fed. R. Civ. P. 26 (b) (2) and injured Plaintiff's case in chief by failing to provide adequate responses to written discovery. Plaintiff's ask this court to order Defendant to make more complete responses to Plaintiff's interrogatories and Requests. In addition, Plaintiff's seek sanctions for the costs and expenses expended in the production of this motion

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………..4

Procedural History……………………………………………………… 5

Statement of Facts……………………………………………………….7

Argument………………………………………………………………7

Conclusion……………………………………………………………26

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Hickman v. Taylor*
329 U.S. 495, 507 (1947)……………………………………………………24

*Marten v. Yellow Freight Systems, Inc.*
1998 WL 13244 p.1 (1998) …………………………………………………15

*Neuder v. Battelle Pacific Northwest Nat. Lab.*
194 F.R.D. 289 (2000) …………………………………………………….21

*Upjohn Co. v. U.S.*
449 U.S. 383, (1981) …………………………………………………….24

## FEDERAL RULES

Fed. R. Civ. P. 37 (a)…………………………………………..………7, 24

Fed. R. Civ. P.  26 (b)……………………………….7,10,11,12,13,14,15,17,18,19,22

Fed. R. Civ. P. 33(a)…………………………………………….....18,19

Fed R. Civ. P. 34 (a)(1)…………………………………….....…11,12,13,14,17

Fed. R. Civ. P. 30 (b)(6)……………………………………………...….6,24

# PROCEDURAL HISTORY

The complaint making allegations of sexual harassment against Ergo Solutions, LLC and George Brownlee, in his individual capacity, and on an individual basis on behalf of Twila Smith and Deirdre Osbourne was initially filed on April 4, 2016.  Defendant filed its Answer to the individual allegations of sexual harassment on April 27, 2016.

A discovery schedule was first set on May 5, 2016.   A second scheduling order was issued on September 4, 2016 and a new discovery end date was set for September 30, 2016.  A third Scheduling order was issued on September 13, 2016 with a discovery end date set for September 30, 2016.  A fourth scheduling order was issued on October 4, 2016.  A final date for all discovery was set for October 31, 2016.

Plaintiff served their First Set of Interrogatories and Requests for Production of Documents on behalf of Twila Smith on Ergo Solutions on July 8, 2016.  The discovery due date was August 31, 2016.

Defendant served their Interrogatories on September 1, 2016 and Request for the Production of Documents on September 1, 2016

Plaintiff responded to Defendants' Interrogatories and Requests for Production of Documents to Twila Smith on July 21, 2016.

Plaintiff's conducted a conference call with Ergo Solutions counsel on September 9, 2016 to discuss insufficient Ergo Solutions discovery responses.

Defendants conducted a deposition of Twila Smith on September 14, 2016. Defendant conducted a deposition on Deirdre Osbourne on October 13, 2016.

Plaintiff's conducted a deposition of George Brownlee on September 16, 2016. They conducted a deposition of Jerry Warren, Raphael Denbow and Brooke Cawley on September 28, 2016. Plaintiff's attempted to conduct a deposition of Richard Flanagan who Ergo Solutions designated and produced as their Fed. R. Civ. P. 30 (b)(6) witness on September 30, 2016 but Mr. Flanagan was unable to answer any of the Plaintiff's questions because he arguably was not employed at Ergo Solutions during the pendency of the discriminatory period of Twila Smith and Deirdre Osbourne

## STATEMENT OF FACTS

Plaintiff incorporate by reference the Certification of the Attempt at Informal Resolution presented by Samuel Bailey, Jr. Esq. as the relevant factual statement in this matter.

## ARGUMENT

Rule 37 authorizes a party to file a Motion to Compel discovery when an opposing party either fails to respond to discovery requests or fails to adequately respond to discovery requests. Fed. R. Civ. P. 37 (a) The right to file a Motion to compel apples to any discovery vehicle, i.e., interrogatories, requests for the production of documents, requests for admissions of fact and failure to respond to questions propounded at depositions.

Failure to completely respond to a discovery request whether an interrogatory or a request for production of documents is a violation of Rule 26 (b)(1). Plaintiff engaged in efforts to resolve the inadequate discovery responses numerous times. Plaintiff sent Defendant a 'Deficiency Letter' indicating which Defendant responses to Plaintiff's First Set of Interrogatories and which Requests for Production of Documents were considered deficient. See Exhibit A. Plaintiffs and Defendants held a conference call to discuss the Deficiency Letter on

September 19, 2016. Plaintiffs requested that Defendant rectify the alleged

deficiencies no later than October 13, 2016 when it had an Informal Resolution of

Alleged Deficiencies. Defendant refused to modify responses and take steps to

adequately respond.


## SECTION A

This section sets forth the remaining deficiencies in Defendant's responses

to Plaintiff's Requests for the Production of Documents dated September 1, 2016.

Exhibit D & E. Defendant's response to Plaintiff's Requests are set forth in bold.

Plaintiff's arguments requesting this court to compel responses are placed in

brackets.

**Request No. 1** - Provide all documents referred to, consulted in connection with,

or containing information relating to the questions and answers to Plaintiff's First

Set of Interrogatories, and any documents requested to be attached thereto.

**Defendant's Response – Defendant has already produced documents bate**

**stamped 0001-1098 in its prior discovery responses with respect to the class**

**action allegations. Defendant does not believe it has any additional documents**

**in its possession regarding this case, but will turn them over if discovered.**

[ Defendant contends, in its responses to Plaintiff's Requests for the Production of Documents that it previously produced bates stamped documents 0001-1098. This alleged provision of document is a travesty. Plaintiffs have had significant difficulty with this provision of documents. First, the documents listed above contained thirteen (13) electronic links which had to be opened separately. Plaintiff was unable to open at least 6 of the electronic links identified below, even to this date. Described below is the structure of the alleged bates stamped response 0001-1098.

EEOC Documents    00001-00318 pdf.
00318-00446 pdf.
00447-00455 pdf.
00456-00461 pdf.
00462-00463 pdf.
00464-00464 pdf.
00465-00504 pdf.
00505-00649 pdf.
00650-00667 pdf.
00658-00704 pdf.
00705-00753 pdf.
2007 Ergo Employee Policy Manual
2010 Ergo Employee Policy Manual
end.

Next, these documents did not contain any documents involving Plaintiff Twila Smith and only three or four document involving Plaintiff Deirdre

Osbourne.    Third, the documents contained information about Alexis Dixon who is not a Plaintiff in this matter.    Fourth, even though it contained documents related to Alexis Dixon in contained repeats of the same document over and over.    For example, there is a copy of the Confidential Agreement between Ms. Dixon and Ergo.    This document is provided in three different version six or seven times. There is a copy of Ms. Dixon's charge of discrimination with the Equal Employment Opportunity Commission provided over and over four times.    There is a copy of Ms. Dixon's compensation documents provided five or six times.    The same document is repeated.

This is a total failure of discovery that violates Fed. R. Civ. P. 26 (b)(1) and 34 (a) (1).    It appears that the documents were sent to Plaintiff without even any review by Defendant.    It is an example of the non-compliance with the discovery process in this matter and total disregard for this process.]

  **Request No. 2** -  Provide a copy of any complaints or grievances involving sexual harassment filed with Ergo Solutions utilizing the internal complaint procedures of Ergo Solutions.

**Defendant Response – Defendant has already produced documents bate stamped 0001-1098 in its prior discovery response with respect to the class**

**action allegations. Defendant does not believe it has any additional documents in its possession regarding this case, but will turn them over if discovered.**

[   Defendant contends that it already produced documents responsive to this Request.  However, review of the bates stamped documents provided included no complaints or grievances responsive to this Request.]

 **Request No. 5** -  Provide a copy of any internal investigation conducted by Ergo Solutions in response to any internal or external charges complaint or lawsuit alleging sexual harassment.

**Defendant's response – Defendant has already produced documents bate stamped 0001-1098 in its prior discovery responses with respect to the class action allegations.  Defendant does not believe it has any additional documents in its possession regarding this case, but will turn them over if discovered.**

 [ Defendant failed to provide an adequate response to this Request pursuant to Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1).]

 **Request No. 7** -   Provide a copy of all correspondence between Chief Executive Officer George Brownlee and Twila Smith.

**Defendant's response – To the extent not already provided, see attached for Twila Smiths's personnel file.**

[    The Defendant documents bates stamped 0001-1098 do not contain any correspondence between Ergo Chief Executive Officer George Brownlee and former Ergo employee, Plaintiff Twila Smith.   Defendant Ergo Solutions lack of response to this Request violates Fed. R. Civ. P. 26 (a)(1) and 34(a)(1).]

Request No. 8 -   Provide a copy of any training program or institute that Ergo Solution provided for Twila Smith.

**Defendant's response – To the extent not already provided, see attached for Twila Smith's personnel file.**

[ Defendant's failure to respond to this Request violates Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1).                                                    ]

 **Request No. 9** -  Provide a copy of the performance evaluation of Twila Smith for the period July 2005 and October 2010.

**Defendant's response – To the extent not already provided, see attached for Twila Smith's personnel file.**

[    Twila Smith's personnel file provided by Defendant had no performance evaluations of Twila Smith.  This failure to respond violates Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1).  ]

**Request No. 13** -  Provide a copy of the personnel file of Twila Smith.

**Defendant's response – See prior responses.**

 [   Plaintiff provided several documents apparently related to Plaintiff's

employment but they refused to provide documents that addressed Ms. Smith's

performance evaluations or any document indicative of discipline or any

reprimand.  Defendant's response to this Request is incomplete and therefore

violates Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1).]


**Request No. 14** -  Provide a copy of George Brownlee's resume.

**Objection, Same will not lead to any relevant evidence.**

[This response is inconsistent with Fed. R. Civ. P. 26 (b)(1).  That Rule states " ….

Parties may obtain discovery regarding any

non-privileged matter that is relevant to any

party's claim or defense and proportional to

the needs of the case, considering the importance

of the issues at stake in the action,  the amount

in controversy, the parties relative access to

relevant information, the parties resources

the importance of the discovery in resolving

the issues, and whether the burden or

expense of the proposed discovery  outweighs

the likely benefit.  Information within this

scope of discovery need not be admissible

in evidence to be discoverable."


 Defendant failed to provide this document, Brownlee's resume which clearly

could lead to admissible evidence.  Defendant's refusal precluded Plaintiff from

learning about his prior employment and employer, learning whether there were

any prior sexual harassment allegations against him, etc.]

**Request No. 15** -  Provide a copy of the personnel file of George Brownlee.
**Defendant's response – Objection: Same will not lead to any relevant**
**evidence.  Over objection,   Defendant has already produced documents bate**
**stamped 0001-1098 in its prior discovery responses with respect to class action**
**allegations.  Defendant does not believe it has any additional documents in its**
**possession regarding this case, but will turn them over if discovered.**

[    Defendants refuse to provide the personnel file of George Brownlee is a

violation of Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1).  Mr. Brownlee's personnel file

is clearly relevant and consistent with the scope of discovery permitted by the

federal rule. See *Marten v. Yellow Freight Systems, Inc.* 1998 WL 13244 p. 1 (Jan. 6, 1998)]

**Request No. 16** - Provide a copy of any discipline or reprimand imposed on employee Twila Smith by the management of Ergo Solutions.

**Defendant's response – Defendant has already produced documents bate stamped 0001-1098 in its prior discovery response with respect to the class action allegations. Defendant does not believe it has any additional documents in its possession regarding this case, but will turn them over if discovered.**

[ The discipline and/or reprimand documents which should be a part of Twila Smith's personnel file are clearly relevant pursuant to Fed. R. Civ. P. 26 (b)(1) and 34 (a)(1). These documents were not a part of Ergo's bates stamped documents 00001-01098]                                        ]

**Request No. 17** - Provide a copy of any awards or bonuses provided to Twila Smith y the management of Ergo Solutions.

**Defendant's response – To the extent not already provided, see attached for Twila Smith's personnel file.**

[ Defendant failed to provide any documents in their bates stamped response 00001-01098 that are responsive to this request.]

**Request No. 18** - Provide a copy of any email messages between Twila Smith and George Brownlee between October 2005 and July 2010.

**Defendant's response – Defendant has already produced documents bate stamped 0001-1098 in its prior discovery responses with respect to the class action allegations. Defendant does not believe it has any additional documents in its possession regarding this case, but will turn them over if discovered.**

[ Plaintiff believes that the any email messages between Defendant and Plaintiff are likely to show the nature of the relationship between Defendant and Plaintiff and may contain information regarding any advances that Defendant made to Plaintiff. Such information would be highly relevant to the claims of this lawsuit specifically whether Defendant engages in pattern of abusive conduct which could assist in demonstrating whether the conduct Ms. Smith complained of was 'severe or pervasive'] ]

**Request No. 24** - Provide a copy of the medical records of Chief Executive Officer George Brownlee.

**Defendant's response – Objection: Objection as this overly intrusive into Mr. Brownlee's privacy. Also, Objection as the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the**

**case, the mount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Also, Objection as this response will not lead to any discoverable evidence in this case.**

[  Defendant make a generalized contention, in response to Plaintiff's legitimate Request for production, that disclosure of his medical record will violate his privacy without indicating which documents will expose him to privacy concerns. Defendant contends that disclosure of Defendant George Brownlee's 'medical records' will violate his privacy however Defendant never explained exactly how Mr. Brownlee's privacy will be affected or which documents or information in his medical records, if disclosed, will violate his privacy.  Defendant could have sought a protective order to limit the disclosure of any information contained in the medical records but did not do so.

Plaintiff will agree to a protective order regarding any information that Defendant demonstrates is entitled to confidentiality or other protection of privacy.   Plaintiff believes that Defendant Brownlee's medical records contain information that is likely to lead to admissible evidence in compliance with Fed. R. Civ. P. 26 (b)(1) or 34 (a)(1).  ]

This section sets forth the remaining deficiencies in Defendant's answers to Plaintiff's First Set of Interrogatories dated September 1, 2016. See Exhibit D & E Defendants answers to Plaintiff's First Set of Interrogatories are set forth in bold. Plaintiff's arguments seeking to compel answers to these interrogatories are placed in brackets.

**Interrogatory No. 8** – State whether you obtained any oral or written statement regarding the subject matter of this litigation from any person not a party to this action.

**Ergo objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections Ergo refers Plaintiff's to its Response to Interrogatory No. 4.**

[ Information concerning whether Defendant obtained any oral or written statement regarding the subject matter of this litigation is clearly relevant and consistent with Fed. R. Civ. P. 26 (b)(1) and 33 (a). Defendant provided not information indicating that this interrogatory was burdensome and the

discriminatory time period is only five years 2005 to 2010 for Plaintiff Smith. Defendant has simply avoided providing a response to this interrogatory]

**Interrogatory No. 16** – Explain why Twila Smith was placed on the Board of Directors as Head o f Marketing in 2007?

**Ergo believed Ms. Smith was talented in the music and acting industry.**

[    Defendant's answer to this interrogatory is totally non-responsive.]

  Interrogatory No. 17 – Identify the position Twila Smith occupied on the Ergo Solutions Board of Trustees from 2005 to 2010 and explain the duties she performed while on the Board.  This response is incomplete and therefore violates Fed. R. Civ. P. 26 (b)(1) and 33 (a).

**Ms. Smith's position title was Head of Marketing.  Her job duties included organizing marketing events.**

[   Defendant did not fully explain the duties Plaintiff Ms. Smith performed as a member of the Ergo Solutions Board of Trustees.  They provided no reason for not fully responding to this question.   This interrogatory is clearly relevant and consistent with Fed. R. Civ. P. 26 (b)(1) and 33 (a) and is reasonably calculated to lead to admissible evidence.]                                        ]

**Interrogatory No. 19** – Explain why Ergo Solution conduct an internal investigation addressing the issue of sexual harassment in the company during the period July 2005 and October 2010.

**Defendant objects to this interrogatory inasmuch as it is vague and ambiguous to the phrase "internal investigation", overly broad as to time, and purports to require Defendant to identify facts that do not exist. Without waiving said objections, Ergo denies that any internal investigations happened from July 2005 through October 2010. Ergo states that one harassment complaint was made in October 2009. Ergo investigated the matter and the accused individuals were suspended, removed from the building and fined.**

[ Defendant contends that this interrogatory involves communications protected by the attorney client privilege. Defendant has not explained or argued that this "internal investigation" involves the provision of legal advice to Ergo Solutions. Moreover, Ergo has provided no information regarding how many and what type of documents were produced or created as a result of said internal investigation. Plaintiff contends that the "internal investigation" which was identified by CEO George Brownlee, the Ergo Chief Executive Officer in his deposition provided mere 'business advice' to Defendant and did not include legal advice or mental impression of the investigating attorney Hartman, Esq.   see Exhibit G.  -

Deposition of George Brownlee, dated September 17, 2016, page. ___ to page.
____. Any purely 'business advice' is not protected by the attorney client
privilege. See *Neuder v. Battelle Pacific Northwest Nat. Lab.* 194 F.R.D. 289,295
(2000)]

**Interrogatory No. 21** – Explain the name, location and purpose of every off-site
event or programs Twila Smith was obligated to attend and a member of the Board
of Trustees and as an employee.

**Defendant objects to this interrogatory because it ague as to the phrase "every
off-site event or program" is overbroad as it is not limited in time, unduly
burdensome as it purports to require Defendant to name every event or
program Ms. Smith attended while she performed work for Defendant. In
addition, Defendant objects to this interrogatory entirely because it is vague,
ambiguous and capable of multiple interpretations as to the phrase "obligated
to attend and a member of the Board of Trustees and as an employee".
Subject to and without waiving its objections, Ergo states that Ms. Smith
organized a fundraiser at Pinage in Washington DC 94th aero quadrant.**

[ Defendant contends that this interrogatory suffers from vagueness, overbreadth,
is unduly burdensome, is ambiguous and subject to multiple interpretations. This
information is well within the knowledge of Ergo management. There is nothing

vague about this request and the time period is limited to the 5-7 years Plaintiff

was employed with Ergo  ]

**Interrogatory No. 22** –  Identify each and every training program Twila Smith

was obligated to attend as an employee of Ergo Solutions from 2005 to 2010.

**Defendant objects to this Interrogatory because it is overbroad as to time,**

**unduly burdensome as it purports to require Defendant to name every**

**training Ms. Smith attended while she performed services for Defendant,**

**Subject to and without waiving its objections, Ergo states that Ms. Smith was**

**obligate to attend quarterly trainings, which she organized.  These trainings**

**were meetings with all employees to discuss company finances, In services and**

**upcoming Ergo business meetings.**


[ This interrogatory is limited to the discriminatory period 2005-2010.  Defendant

provides no basis for contending that this interrogatory is overbroad as to time.

Next, Plaintiff's training is important to evaluating her employment performance at

Ergo Solution which is relevant to both Plaintiff's claims and Defendant's

defenses.  In addition, Defendant's concern about the relevance of the interrogatory

is misplaced.  Fed. R. Civ. P. 26 (b)(1) indicated that discovery is liberally

construed and this information is likely to lead to admissible evidence.]

Interrogatory No. 27 – Identify any attorney and/or any Ergo Solutions employee who participated in the conduct of any internal investigation of the response to the Twila Smith internal complaint.

**Defendant's Answer – Defendant objects to this interrogatory because it seeks information protected by attorney client privileges, the attorney work product doctrine, or any other applicable privilege. Defendant further objects to this interrogatory on grounds that it is overly broad, vague, ambiguous, and capable of multiple interpretation as to the phrase "conduct of any internal investigation" and purports to require Defendant to identify facts that do not exist. Subject to and without waiving said objections, Defendant states that Ms. Smith did not make a formal complaint until after her employment was terminated.**

[Plaintiff asserts the attorney client privilege and the work product doctrine. First the privilege only applies when an attorney is providing legal advice to his client. It is well established that there is a distinction between providing legal advice and business advice. There should be an in-camera inspection of any documents to determine whether the documents were intended to be confidential, whether they

contain any information that suggests that they are legal opinions, mental impressions or anything else that traditionally indicated that they are the product of attorney impressions or are there any documents that purely provide business information.  Also, was there waiver of the attorney-client privilege because of release or exposure to anyone not considered a client under *Upjohn v. United States 449* U.S. 383, ___ (1981)

Similarly, the work product doctrine is not triggered merely by a statement that the said document(s) were created in anticipation of litigation. See *Hickman at 511.* There must be an inspection by the court to determine whether the test for work product is present.]

 Interrogatory No. 28 –  Describe any steps taken by Ergo Solutions in response to the Twila Smith complaint of sexual harassment.

**Defendant's Answer – See response to Interrogatory No. 27.**

[ Defendant again asserts the attorney client privilege in objection to this interrogatory.  Defendant has not indicated how or why the answer to this interrogatory involves a communication involving legal advice.  The response to this interrogatory requires 'business' information which is unrelated to legal advice.  Defendant should be required to answer this interrogatory]

Interrogatory No. 29 –  Identify and describe any policies that Ergo Solutions had in place to respond to complaints of sexual harassment discrimination.

**Defendant's Answer – See attached EEOC policies**

[ Defendant's answer to this interrogatory is totally non-responsive.]

### SECTION C – (RULE 30 (B) (6) Depositions)

On September 30, 2016 the parties scheduled the Rule 30 (b)(6) deposition for Ergo Solutions.  Ergo indicated that they had designated Richard Flanagan, the current Human Resources Director to serve as the Rule 30 (b)(6) witness. See Exhibit F

The Rule 30 (b)(6) witness, Mr. Richard Flanagan, was not competent to testify regarding the events, actions, policies during the discriminatory period. On September 30, 2016   Plaintiff held the deposition of the Ergo Solutions FRCP 30 (b)(6) witness.  Defendant was obligated to provide a witness that could discuss issues set forth in the deposition notice.  Those issues included the Employee Policy Handbook, Independent Contractor policies and practices, Performance review policies and practices, Training Policy and Practices, Board of Trustee or Director Rules and Regulations, Employee and Independent contractor discipline policies, on-line electronic plan, policy and practice, anti-discrimination policies and practices and director liability insurance policies.  Ergo had weeks to decide

who would serve as the Rule 30 (b)(6) witness.   Richard Flanagan appeared as the Ergo Rule 30 (b)(6) witness.  He was totally unprepared and incapable of answering any question about the period 2005 to 2010 and the areas listed in the Notice of Deposition. See Exhibit I


CONCLUSION AND REQUEST FOR SANCTIONS

For the foregoing reasons set forth above Plaintiff respectfully requests that the Court issue an order, compelling Defendant to provide Answers to its interrogatories set forth above and compel Defendant to provide documents in response to it Requests for the Production of Documents and an order that a new Fed. R. Civ. P. 30 (b)(6) deposition be held with a legitimate and competent Ergo witness.  Plaintiff's also requests that the Court impose sanctions against Defendant pursuant to Fed. R. Civ. P. 37(a) and require that Defendant pay Plaintiff's the costs of this motion and attorney's fees occasioned by Defendant's failure to engage in discovery.


Respectfully submitted,


/s/Samuel Bailey, Jr.
Samuel Bailey, Jr., Esq.

District of Columbia Bar No. 384974

1300 L Street, N.W.

Suite 750

Washington, D.C. 20005

(202)-395-8535

sbailassoc333@gmail.com


/s/Clifford G. Stewart

Clifford G. Stewart, Esq.

Pro Hac Vice

The Law Office of C. Gregory Stewart

535 Thirteenth Avenue

Newark, New Jersey 07103

(973)-474-6062

cgregorystewart@gmail.com

Attorneys for Plaintiff's, Twila Smith and Deirdre Osbourne

## EXHIBIT LIST

Exhibit A   -   Plaintiff's Deficiency Letter to Defendant dated September 19, 2016

Exhibit  B   -   Plaintiff's First Set of Interrogatories to Defendant dated July 8, 2016

Exhibit  C   -   Plaintiff's Request for the Production of Documents dated July 8, 2016

Exhibit D   -   Defendant's Response to Plaintiff's First Set of Interrogatories dated September 1, 2016

Exhibit E   -   Defendant's Response to Plaintiff's Request for the Production of Documents dated September 1, 2016

Exhibit F   -   Deposition of 30 (b)(6) Ergo Solutions witness Richard Flanagan dated  September 30, 2016.

Exhibit G   -   Deposition of George Brownlee dated September 17, 2016  p.___ to p. ____

Exhibit H   -   Deposition of Jerry Warren, former Ergo Solutions Director of Human Resources dated September 28, 2016  p.___ to p.____

Exhibit I   -   Plaintiff's Deposition Notice for Ergo Solutions Rule 30 (b)(6) witness

## CERTIFICATION OF SERVICE

I hereby certify that an exact and true copy of the foregoing has been served upon the following counsel of record this 31st day of October, 2016.

Mr. Morris Fischer
1400 Spring Street, Ste 350
Silver Spring, Md. 20910

Samuel Bailey, Jr., /s/
_____
Samuel Bailey, Jr., Esq.