THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TWILA SMITH AND DEIRDRE OSBOURNE**

**Plaintiffs**

CIVIL ACTION NO. 2:14-CV-00382 JDB

v.

**ERGO SOLUTIONS, LLC AND GEORGE BROWNLEE**
**(In his individual capacity)**

**Defendants**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

Comes now, Twila Smith, (hereinafter "Plaintiffs") by and through counsel, Samuel Bailey & Associates and Clifford G. Stewart, and hereby submit points and authorities in support of motion that move this Court to impose discovery sanctions on Defendants' pursuant to D.C. Rule of Civil Procedure 37, and in support thereof states as follows:

**Grounds of Relief**

Factual Basis for Motion

1. On July 8, 2016 Samuel Bailey, Jr. Esq. served Plaintiff's First Set of Interrogatories and Requests or Production of Documents on the Defendant Ergo Solutions, LLC.

2. This is an action for employment discrimination and the requests sought among other things, Answers to questions relevant to the employment of Plaintiffs, information about Plaintiff's discipline and her communication with Defendant Chief Executive Officer George Brownlee, Plaintiff's personnel file, any

1

awards or bonuses given to Plaintiff, Defendant's personnel file, medical file, company insurance information, antidiscrimination policy and investigations of sexual harassment during the alleged discrimination period and the Defendant's management generally. Case 1:14-cv-00382-JDB Document 64 Filed 10/31/16 Page 2 of 7 3

3. Defendant filed Answers to the Plaintiff's First Set of Interrogatories on September 1, 2016 and responses to the Requests for Production of Documents on September 1, 2016. Defendant made objections regarding nearly half of the Interrogatories and several of the Requests for the Production of Documents. While Defendants claimed to provide documents previously provided during the class action phase of this litigation, inspection of those documents by counsel for Plaintiffs' revealed that only three of the several hundred documents provided involved Plaintiffs in this case, contrary to Defendant claims.

4. Defendant only sent the files via electronic means and did not provide hard copies of the file. In addition, the files allegedly produced by Defendant's contained links that could not be opened. Plaintiff's requested that Defendant resend the file and assure that the links could be opened. Defendant assured Plaintiff that "he would take care of it, but to this day there are still links that cannot be opened.

5. An additional document that responds to the Plaintiff's Request for Production of George Brownlee's personnel files and medical files has subsequently been shown to exist. Case 1:14-cv-00382-JDB Document 64 Filed 10/31/16 Page 3 of 7 4 A. On September 28, 2016 Jerry Warren, former Human Resources director of Ergo Solutions testified that his office contained personnel and medical files of all the owners/managers of Ergo Solutions. B. This document was disclosed when Jerry Warren, the Human Resources Director of the Defendant from 2005 to 2010 mentioned it during his deposition held on September 28, 2016.

6. Despite numerous promises and even threats by Plaintiffs of motions to compel, the missing documents contained in the links which were not able to be opened had not been produced.

7. The documents purported to be provided by Defendant were needed to prepare for trial in this matter and to prepare for completion of the deposition of George Brownlee.

8. There was not reasonable justification for the continued refusal to produce the documents in question for inspection and copying, so that an order to compel was appropriate under Federal Rule of Civil Procedure 37 (a)(3)(B), as is an award of reasonable expenses and attorney's fees under Rule 37 (a)(5)(A).

9..As the Supporting 'Certification of the Attempt at Informal Resolution' makes clear, numerous telephone conversations between counsel for Plaintiffs and Defendants have resulted in repeated promises to produce the missing documents, but even the (EMAIL) of which counsel acknowledged that a motion would be filed and served if the documents were not produced before October 31, 2016 Defendant has failed to produce the documents in question.

Plaintiff prevailed on the motions to compel under the orders of U.S.D.J. Bates on February 13. 2017 and June 6, , 2017 pursuant to Fed. R. Civ.P. 26(b)(1) and 37 (a) that permit the Court to award reasonable expenses and fees for prevailing on these motions to compel.

14. Further, Plaintiff, Twila Smith filed written discovery on July 8, 2016 sought production of any 'internal investigation' of sexual harassment conducted by Ergo Solutions. Defendant, Ergo solutions, responded to Plaintiffs' written discovery and request for production by asserting that any internal investigation was protected by the attorney client privilege.

15. Plaintiffs conducted a deposition of George Brownlee on September 27, 2016 and among other questions, asked Mr. Brownlee about any investigation of the allegations and any penalties imposed on him as a result of any internal investigation.  Brownlee answered that there were post-investigation recommendations that included that he stay away from the building for six months, pay a $10,000.00 fine and see a therapist. Plaintiffs' counsel subsequently requested Defendants' counsel a copy of the investigation.  Defendant refused to provide a copy of the investigation.

16. Again, Plaintiff filed a motion to compel discovery on March 31, 2016.  The Court ordered Plaintiff to file a specific motion to compel regarding any internal investigation subsequent to its 'in camera' review of the internal investigation. The court conducted an 'in camera' review of the investigation.

17. On March 6, 2017, Plaintiff filed a second motion to compel specifically focused on the request for production of the internal investigation. Defendant opposed the motion asserting that the refusal to disclose the internal investigation was permitted by the Attorney Client Privilege.

18. Plaintiff argued three points in its motion (1) that the investigation was not legal advice but was business advice (2) that the statement by Jerry Warren, former Human Resources Director, during his deposition that he was involved with the internal investigation amounted to waiver of the Atty Client privilege and (3) Mr. Brownlee's discussion of aspects of the investigation including that he was directed to go to therapy and that he was ordered to pay a fine, was waiver of the attorney client privilege.

19. On February 13, 2017, United States District Judge Bates ordered Defendant Ergo Solutions to provide a copy of the 'internal investigation' to the Court for *in camera* review and evaluation to determine if disclosure of the investigation would violate the attorney client privilege.

**Defendant is Entitled to an Award of Expenses Under Rule 37**

1. The Federal Rules of Civil Procedure regarding motions to compel provide as follows:

Rule 37. **Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

   (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

   (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

   (3) *Specific Motions.*

      (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Plaintiff's responses to Defendant's discovery were deficient. The Court over ruled Plaintiff objections and

required Plaintiff to answer Defendant's discovery request.

Plaintiff failed to provide responses that were not evasive or incomplete and as such were treated as failure to answer or respond and accordingly an order granting Defendant's motion to compel was entered requiring Plaintiff to response to Defendant's discovery request.

9.    Further, the Court found that Plaintiff had waived attorney client privilege at the Brownlee deposition and ordered Plaintiff to provide a copy of the internal report to Plaintiff.

Here, the defendant is entitled to attorney fees and cost for the motions to compel answer to discovery request as well as production of the internal investigation report and the motion for sanctions as well. Brownlee as part owner of ERGO waived attorney client privilege for the internal report when he discussed its content at his deposition without objection from his counsel. Attorney-client privilege only protects information that remains confidential. Disclosure of privileged information to someone outside the privileged relationship constitutes a waiver. See *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982).

*In DL v. District of Columbia*, 251 FRD 38, (2008) the court held

> " Plaintiffs' motion before the Court also included a request "to order defendants' [sic] to pay plaintiffs' reasonable expenses incurred in making plaintiffs' Motion to Compel, including attorneys' fees, pursuant to Rule **37**(**a**)(**5**)(**A**) of the Federal Rules of Civil Procedure." "Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations, and to determine what sanctions to impose." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.,* 248 F.R.D. 64, 68 (D.D.C.,2008) (Lamberth, J.) (citing *Kister v. District of Columbia,* 229 F.R.D. 326, 329 (D.D.C.2005)).
>
> Rule 37 provides:
> If the motion is granted-*or if the disclosure or requested discovery is provided after the motion was filed*-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
> Fed.R.Civ.P. **37**(**a**)(**5**)(**A**) (emphasis added). This Court has previously observed

that "the language of the Rule itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist." *Cobell v. Norton,* 226 F.R.D. 67, 90 (D.D.C.2005).

… the award of plaintiffs' attorney's fees would also be merited under Rule 37(a)(5)(C), which provides that when a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). "

See *DL v. District of Columbia*, 251 FRD at 49.

### CONCLUSION

Defendant is entitled to an award of expenses under Rule 37.

**WHEREFORE**, the Plaintiff respectfully requests and prays for an Order:

    a. Entering sanctions against the Defendant as follows:

        1. Monetary sanctions for the cost and attorney fees for the motions to compel as well as fees and cost for this motion; and

        2. Granting any other relief, the Court deems just and proper.

Respectfully Submitted,

/s/<u>Samuel Bailey, Jr.</u>

Samuel Bailey, Jr., Esq.,
Samuel Bailey & Associates,
13010 L Street, NW, Suite 750
Washington, DC 2005
Tel. 202-359-8535

/s/<u>Clifford G Stewart</u>
Clifford G. Stewart, Esq.

Pro Hac Vice
The Law Office of C. Gregory Stewart
535 Thirteenth Avenue
Newark, New Jersey 07103
(973)-474-8082
cgregorystewart@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been served upon the following counsel of record by Electronic Mail 28th day of July 2017.

Morris Fischer, Esq.
1400 Spring Street, Suite 350
Silver Spring, Md. 20910

                                                                                                /s/Samuel Bailey, Jr.
                                                                                               _____
                                                                                           Samuel Bailey, Jr., Esq.