UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TWILA SMITH, et al.,

Plaintiffs,

v.

ERGO SOLUTIONS, LLC, et al.

Defendants.

Civil Action No. 14-382 (JDB)

# MEMORANDUM OPINION

Plaintiffs Twila Smith and Deirdra Gilliam Osborne filed this action against their former employer, defendant Ergo Solutions, LLC ("Ergo"), and one of Ergo's managing partners, defendant George Brownlee, alleging sexual harassment. A discovery dispute erupted, and plaintiffs filed a motion to compel discovery, which the Court resolved following a hearing and a round of supplemental briefing. Plaintiffs now move for sanctions in the form of attorney's fees and costs under Federal Rule of Civil Procedure 37.[1] Plaintiffs also seek costs and fees for litigating this motion for sanctions. For the reasons that follow, plaintiffs' motion for sanctions will be denied.

---

[1] Plaintiffs' motion for sanctions (and the first paragraph of its memorandum of points and authorities in support of its motion) state that plaintiffs seek relief under D.C. Rule of Civil Procedure 37. See Mot. for Disc. Sanctions [ECF No. 82] at 1; Mem. of P. & A. in Supp. of Mot. for Disc. Sanctions [ECF No. 82-1] at 1. However, because plaintiffs copied the text of Federal Rule of Civil Procedure 37(a) into the body of their memorandum, the Court construes plaintiffs' motion for sanctions as arising under Federal Rule 37, as is proper before this Court.

1

## BACKGROUND

Plaintiffs move for sanctions in the form of attorney's fees and costs related to litigating their motion to compel, drafting supplemental briefs ordered by the Court following the motion to compel, and preparing this motion for sanctions.

In October 2016, Smith and Osbourne filed their motion to compel, arguing that defendants had failed to provide proper documents in response to thirteen requests for production ("RFPs") and had failed to respond adequately to eight interrogatories. Br. in Supp. of Pl.'s Mot. to Compel ("Mot. to Compel I") [ECF No. 64-1] at 8–25. Plaintiffs also argued that defendants had failed to designate a Rule 30(b)(6) witness competent to testify on the areas of examination identified in plaintiffs' Rule 30(b)(6) Notice. Id. at 25. This Court held a hearing on the motion to compel in February 2017, discussing each alleged deficiency in turn, and issued an order the same day. See Mot. Hr'g Tr. Feb. 13, 2017 ("Hr'g Tr.") [ECF No. 70]; Order, Feb. 13, 2017 ("Feb. 13 Order") [ECF No. 69].

Of the twenty-two issues raised in the motion to compel, the largest proportion involved technological—not legal—discovery issues; plaintiffs were unable to open electronic documents sent through defendants' file-sharing service. The Court characterized the dispute about problems opening these files as "just craziness" and "not something that counsel should have to involve the Court in." Hr'g Tr. at 6:8–9. The Court ordered the parties to work out among themselves the exchange of documents and for defendants to supplement their responses to the RFPs related to these sets of documents as appropriate. Feb. 13 Order ¶¶ 1–2. The Court also ordered that defendants "provide . . . documents in another accessible format" if plaintiffs were unable to access the documents in an electronic format. Id. ¶ 1.

As to the remaining issues in dispute, the Court granted in part and denied in part plaintiffs' motion. Some issues were clearly resolved in plaintiffs' favor. The Court ordered defendants to produce Brownlee's personnel file and resume, to the extent one existed, in response to two of plaintiffs' RFPs. Hr'g Tr. at 19:8–19. The Court also ordered defendants to identify an appropriate Rule 30(b)(6) designee for an additional deposition, id. at 37:10–18; and required defendants to check most of the challenged answers to interrogatories and to supplement their responses as appropriate, see, e.g., id. at 27:13–14; 29:20–30:2; 30:19–20. But the Court denied plaintiffs' request for production of Brownlee's medical records because there was no evidence these records were "sufficiently relevant . . . in a context where there are both privacy and privilege concerns that apply with respect to an individual's medical records." Id. at 21:24–22:2, 24:17–22.

Only one legal issue remained unresolved after the hearing on the motion to compel. Plaintiffs sought production of an internal investigation report[2] conducted in response to allegations of sexual harassment brought against Brownlee at Ergo. Defendants asserted attorney-client privilege. Feb. 13 Order ¶ 4. The Court ordered that the parties submit supplemental briefs on the privilege issue and that defendants provide a copy of the report for in camera review. Id.

A month after the Court's order, the parties submitted a joint status report stating that, aside from the unresolved issue of whether the internal investigation report would be disclosed (and ongoing difficulty identifying a suitable Rule 30(b)(6) witness), "[a]ll other discovery" was complete. Joint Status Report [ECF No. 76] ¶ 3. The parties agreed on a Rule 30(b)(6) witness a few weeks later. See Status Report on 30(b)(6) Witness [ECF No. 79] at 1. The Court next turned

---

[2] As the Court explained in its previous order, outside counsel conducted the investigation, and thus the investigation was technically an "external investigation," but the Court followed the parties' use of the phrase "internal investigation report" in its decision. Smith v. Ergo Solutions, LLC, Civ. No. 14-382, 2017 WL 2656096 at *1 n.1 (D.D.C. June 20, 2017). Here, too, the Court will use the term "internal investigation" for the sake of consistency with the parties' briefs.

3

to the issue of whether the internal investigation report should be produced. After considering the parties' supplemental briefs, the Court determined that privilege applied to the document but that Brownlee had waived the privilege when he discussed the report in his deposition. Smith, 2017 WL 2656096 at *3–*4.

Plaintiffs moved for Rule 37 sanctions in the form of attorney's fees and costs. Mem. of P. & A. in Supp. of Mot. for Disc. Sanctions ("Mot. for Sanctions") [ECF. No. 82-1] at 2–3. Plaintiffs claim they are "entitled to attorney['s] fees and cost[s] for the motion to compel answer[s] to [plaintiffs'] discovery request[s] as well as production of the internal investigation report and the motion for sanctions" pursuant to Rule 37(a)(5), which permits a court to award attorney's fees and costs to a party prevailing on a motion to compel discovery. Id. at 6. More specifically, plaintiffs argue that they prevailed because the Court ordered defendants to supplement their responses to plaintiffs' interrogatories and RFPs, to produce Brownlee's personnel file, and to allow the deposition of an additional Rule 30(b)(6) witness. Mot. for Sanctions Reply to Opp'n of Def. Ergo Solutions ("Pls.' Reply") [ECF No. 96] at 4–5, 13–14. Plaintiffs also argue that they are entitled to attorney's fees and costs because the Court ultimately ordered that the internal investigation report be disclosed. Plaintiffs conclude that defendants' actions in withholding the report were not justified, that defendants "simply didn't review the documents and provide documents Plaintiff's [sic] had a reasonable right to request," and that accordingly they "should be made to pay for their representation sloppiness." Id. at 16.

Defendants respond that their objections to plaintiffs' discovery requests and interrogatories were "substantially justified" and therefore not subject to sanctions under Rule 37(a). Mem. of P. & A. in Opp'n to Mot. for Sanctions ("Defs.' Opp'n") [ECF. No. 84-1] at 7. Defendants argue that all objections were "supported by the law" and that defendants "produced

everything they had within their possession at the time." Id. at 12. Furthermore, they note that "the Court decided in favor of Defendants regarding [plaintiffs' request for Brownlee's medical records]." Id. at 11. Defendants also contend that plaintiffs "did not meet their burden" with respect to their challenges to defendants' responses "because they gave no reasoning other than . . . 'Defendant's answer totally non-responsive.'" Id. at 12. Defendants characterize this response as "cast[ing] doubt on whether or not they attempted to resolve these issues in good faith before filing their motion to compel," as Rule 37(a) requires. Id. With respect to the dispute over the internal investigation report, defendants note that the Court agreed with defendants on two substantive points: the internal investigation report was protected from disclosure by attorney-client privilege and Ergo's human resources director had not waived the privilege. Id. at 8–9. Plaintiffs first raised the argument on which they ultimately prevailed—that Brownlee had waived the privilege—in their reply brief, months after moving to compel production of the document.[3] Defs.' Opp'n at 9. Thus, defendants argue that they never had an opportunity to consider plaintiffs' prevailing theory for disclosure before involving the Court in the dispute, and Rule 37(a) sanctions should not be applied. Id.

---

[3] Pursuant to the Court's February 13, 2017, Order, plaintiffs filed a supplemental brief that argued (1) that Jerry Warren, Ergo's former Human Resources Director, had waived the company's privilege by discussing the report in his deposition and (2) that the report constituted business advice, not legal advice. Mot. to Compel Produc. of Docs. ("Mot. to Compel II") [ECF No. 73] at 2–5. In response, defendants argued that Warren did not have the capacity or authority to waive the privilege and that the report clearly provided legal—not business—advice. Def. Ergo Solutions['s] Resp. to Pl[s.'] Mot. to Compel ("Opp'n to Mot. to Compel II")[ECF No. 74] at 1–3. Plaintiffs noted in their reply that Brownlee, too, had discussed the report in his deposition. Pl[s.'] Reply to Opp'n to Mot. to Compel II [ECF No. 75] at 4. In June 2017, the Court concluded that (1) the report was protected by attorney-client privilege; (2) Warren "was not able to waive the attorney-client privilege on behalf of the company" during his deposition because of his status as a former employee; but (3) that Brownlee had waived attorney-client privilege by disclosing "the 'gist' of the report" during his deposition. Smith, 2017 WL 2656096, at *3–*4 (quoting Navajo Nation v. Peabody Holding Co., 255 F.R.D. 37, 48 (D.D.C. 2009)). Accordingly, the Court granted plaintiffs' motion to compel production of the internal investigation report. Id. at *4.

5

**LEGAL STANDARD**

"District court judges enjoy wide discretion in managing the discovery process." 3E Mobile, LLC v. Global Cellular, Inc., 222 F. Supp. 3d 50, 53 (D.D.C. 2016) (alteration omitted) (quoting Shatsky v. Syrian Arab Republic, 312 F.R.D. 219, 223 (D.D.C. 2015)). When this discovery process is abused, courts are permitted under Federal Rule of Civil Procedure 37 to award sanctions.

Rule 37(a) describes procedures by which a party may move to compel disclosure or discovery and describes when a court should award attorney's fees and costs to the party who prevails on such a motion. See Fed. R. Civ. P. 37(a). If a motion to compel is granted, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant filed the motion without first "attempting in good faith to obtain" the materials, "the opposing party's nondisclosure, response, or objection was substantially justified," or sanctions would be unjust. Fed. R. Civ. P. 37(a)(5)(A). A party's actions are "substantially justified" when "there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" Parsi v. Daioleslam, 778 F.3d 116, 127 (D.C. Cir. 2015) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. . . . But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendment.

Although the Rule directs that courts "must" order a losing party to pay, the advisory committee's notes make clear that this language "does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices." Id.. The Rule

**LEGAL STANDARD**

"District court judges enjoy wide discretion in managing the discovery process." 3E Mobile, LLC v. Global Cellular, Inc., 222 F. Supp. 3d 50, 53 (D.D.C. 2016) (alteration omitted) (quoting Shatsky v. Syrian Arab Republic, 312 F.R.D. 219, 223 (D.D.C. 2015)). When this discovery process is abused, courts are permitted under Federal Rule of Civil Procedure 37 to award sanctions.

Rule 37(a) describes procedures by which a party may move to compel disclosure or discovery and describes when a court should award attorney's fees and costs to the party who prevails on such a motion. See Fed. R. Civ. P. 37(a). If a motion to compel is granted, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant filed the motion without first "attempting in good faith to obtain" the materials, "the opposing party's nondisclosure, response, or objection was substantially justified," or sanctions would be unjust. Fed. R. Civ. P. 37(a)(5)(A). A party's actions are "substantially justified" when "there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" Parsi v. Daioleslam, 778 F.3d 116, 127 (D.C. Cir. 2015) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. . . . But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendment.

Although the Rule directs that courts "must" order a losing party to pay, the advisory committee's notes make clear that this language "does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices." Id.. The Rule

maintains "necessary flexibility . . . since the court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably." Id.; see also Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996) ("The central requirement of Rule 37 is that 'any sanction must be "just[.]"'" (citation omitted)).

## **DISCUSSION**

Rule 37(a) generally permits an award of sanctions to a party whose motion to compel is granted, and plaintiffs' motion to compel here was granted in large part. However, the disputed issues generally reflected the parties' failure to communicate, failure to cooperate, or both. In many respects, this case serves as an exemplar of how parties should not conduct discovery. This dispute has taken months to resolve and has caused the parties to file hundreds of pages of documents with this Court—not including their various motions for extension of time and for leave to file—which has unnecessarily expended the parties' and the Court's resources. Of more than a dozen issues raised in the motion to compel, only one—the issue of attorney-client privilege as applied to the internal investigation report—constituted a genuine dispute requiring a legal determination. The Court believes that parties acting in good faith likely could have resolved the other issues without court intervention. The Court will deny plaintiffs' motion because defendants were substantially justified in opposing production of the internal investigation report, because plaintiffs did not attempt to obtain the materials in good faith before employing a motion to compel, and because sanctions would be unjust under the circumstances because of the parties' shared responsibility for their breakdown in cooperation.

First, the Court agrees with defendants that the question of whether the internal investigation report would be protected from disclosure by attorney-client privilege ultimately constituted a genuine dispute that required analysis and consideration by the Court. See Smith,

7

2017 WL 2656096, at *3–*4. The fact that defendants received no notice of plaintiffs' argument that Brownlee, not Warren, had waived attorney-client privilege before the motion to compel was filed further militates against awarding sanctions against defendants. See Pl[s.'] Reply to Opp'n to Mot. to Compel II at 4. Thus, sanctions are not appropriate in relation to this part of the discovery dispute because defendants' objection was substantially justified.

Second, the Court agrees that, even as to the other disputes resolved in plaintiffs' favor, sanctions are not appropriate. The clearest example is plaintiffs' request for Brownlee's Ergo personnel file. Because of the nature of the claims in this case, the Court concluded that defendants were not justified in withholding the personnel file on relevance grounds. See Hr'g Tr. at 19:14–19. As the Court noted, Brownlee is "the alleged discriminating official here" in a lawsuit alleging workplace sexual harassment. Id. The personnel file was of clear relevance to the claims in the case, and defendants did not argue that any privilege or other exception applied. However, Rule 37 requires a movant to "attempt[] in good faith to obtain" the disputed materials before filing a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs sent defendants a "deficiency letter" before filing their motion, but its descriptions of the alleged deficiencies are so vague as to be entirely unhelpful. See Letter from Samuel Bailey, Jr. to Morris E. Fischer (Sept. 19, 2016), Ex. A to Mot. to Compel ("Deficiency Letter") [ECF No. 64–2] at 2–3. As to defendants' objection to producing Brownlee's personnel file, for example, plaintiffs simply stated "Defendants have not responded to this request. Response is imperative." Id. at 3.[4] This does not meet the bar for engaging in a good-faith attempt to obtain the disputed materials. Similarly, although plaintiffs' motion to compel challenged eight interrogatory responses, the record before the Court suggests

---

[4] Although this response appears under the heading "Defendant's Interrogatory Responses," the section describes production of documents and the numbered responses match the challenged responses to plaintiffs' RFPs, not their interrogatories. Accordingly, the Court concludes that the statements quoted above were intended to address defendants' response to RFP No. 15, not Interrogatory No. 15.

8

that plaintiffs raised a concern over only one interrogatory response before filing their motion to compel, and the challenge consisted of only a single, unhelpful sentence: "Defendant's response is insufficient." See Deficiency Letter at 3.[5] Because the Court finds that plaintiffs did not make an adequate attempt to resolve their discovery disputes before filing their motion to compel, an award of attorney's fees and costs is not permitted under Rule 37(a)(5)(A).

Third, most of the remaining discovery issues could—and should—have been resolved without the intervention of the Court. For example, the dispute about whether plaintiffs' counsel could open certain electronic files, including whether hyperlinks in emails were time-limited, certainly falls outside of what the Court should be asked to adjudicate. "It is emphatically the province and duty of the judicial department to say what the law is," Marbury v. Madison, 5 U.S. 137, 177 (1803)—not to resolve quibbles over the functionality of counsel's file-sharing service. Although this aspect of the discovery dispute was particularly wasteful of the Court's time, neither party's hands are sufficiently clean to justify an award of attorney's fees and costs. Defendants appear to have followed a reasonable course in attempting to share discovery documents with plaintiffs through its file-sharing service, and defendants' supporting documentation suggests that its emails initially reached plaintiffs' counsel. See Email from ShareFile Notifications to Gloria Victor-Dorr (Oct. 10, 2016), Ex. 2 to Defs.' Opp'n [ECF No. 84–4]. From there, something clearly went wrong. See Deficiency Letter at 1–2 (stating that "Plaintiff is not in receipt of any Bates stamped documents," that "those sent to Samuel Bailey were time locked, and are no longer available," and asking for the responses to be resent). The parties shared responsibility for working out a solution, which they failed to do. Neither party stands out as being especially recalcitrant;

---

[5] This response appears under the heading "Defendant's Responses to Requests for the Production of Documents," but since plaintiffs objected to Interrogatory No. 19, not RFP No. 19, the Court concludes that this statement was intended to address defendants' response to Interrogatory No. 19.

9

they simply failed to cooperate. Under these circumstances, an award of attorney's fees and costs to either side would be unjust.

## CONCLUSION

In this case, an award of sanctions would encourage rather than "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists," in contravention of the purpose of Rule 37. Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendment. Rule 37 does not permit an award of attorney's fees and costs in a case such as this in which some aspects of the overall dispute were substantially justified, the movant's explanations for why other materials should be produced were so vague that they did not constitute a good-faith effort to obtain the materials, and the breakdown in the discovery process reflects both parties' failure to cooperate and communicate.

For these reasons, plaintiffs' motion for sanctions is denied. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: November 6, 2018